**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

ALI L. CROSS,
          Plaintiff,

    v.                                        CIVIL ACTION NO. 19-11603-LTS

**DOC SHERIFF OFFICE OF
SUFFOLK COUNTY HOUSE OF
CORRECTION et al.**

          **Defendants.**

## ORDER

**SOROKIN, J.**                                                            October 17, 2019

    1.    Plaintiff Ali L. Cross ("Cross") failed to file a renewed motion to proceed in forma pauperis as ordered by the Court on July 26, 2019 and as extended by the Court on August 21, 2019.  *See* ECF Nos. 4 and 7, respectively.  Accordingly, Cross shall by **November 15, 2019** either: (1) file a renewed, complete and <u>signed</u> motion to proceed in forma pauperis on a Form AO 240 provided by the Court; or (2) pay the $400 filing and administrative fee.  The Clerk is directed to provide another form AO 240 for Cross's use in this regard.  The Court does <u>not</u> need a new prison account statement.  While it appears Cross is indigent, the Court cannot assess Cross's *in forma pauperis* eligibility without the required affidavit under 28 U.S.C. §1915(a).

    2**.**    It is <u>FURTHER</u> <u>ORDERED</u> that Cross shall by **November 15, 2019**, file an amended complaint complying with the basic pleading requirements of the Federal Rules of Civil Procedure, including without limitation the joinder rules under Fed. R. Civ. P. 18 and 20, as set forth herein.  Cross impermissibly seeks to bring two unrelated actions in one complaint: one action for acts and omissions relating to his pending criminal action, Compl. ¶¶1-7, and the other for his treatment at the Suffolk County Jail, Compl. ¶¶ 8-18.  While Rule 18(a) of the Federal

Rules of Civil Procedure permits Cross "to bring multiple claims against a defendant in a single action . . . it does not permit the joinder of unrelated claims against different defendants." *Chase v. Chafee,* No. CA 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011), report and recommendation adopted, No. CA 11-586 ML, 2011 WL 6826629 (D.R.I. Dec. 28, 2011); *see Spencer v. Bender,* No. CA 08–11528–RGS; 2010 WL 1740957 at *2 (D. Mass. April 28, 2010) (*citing George v. Smith,* 507 F.3d 605, 607 (7th Cir.2007)).   Instead, Rule 20 of the Federal Rules of Civil Procedure provides separate defendants "may be joined in one action as defendants if. . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."   Fed. R. Civ. P. 20(a)(2).   In addition to procedural pleading rules, if Cross were permitted to bring two unrelated actions, he could effectively avoid paying two separate filing fees, and possibly avoid the "three strikes" rule under 28 U.S.C. §1915(g).   *Chase*, 2011 WL 6826504, at *3.

Instead of dismissing the action, Cross shall be permitted to amend his complaint to bring a single action in this case.   He may choose which action to bring, and the Court takes no position as to the merits of the claims, but to the extent Cross seeks to proceed in this case with an action in federal court relating to his pending criminal case in the Boston Municipal Court, this Court may ABSTAIN from exercising jurisdiction over any such claims under *Younger v. Harris,* 401 U.S. 37 (1971).   Under that doctrine, a court should abstain from exercising jurisdiction "when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate

opportunity for the federal plaintiff to advance his federal constitutional challenge." *Massachusetts Delivery Ass'n v. Coakley*, 671 F.3d 33, 40 (1st Cir. 2012). All three *Younger* elements are met here. Furthermore, even if the Court were not to abstain, it appears Cross seeks relief under 42 U.S.C. §1983 from some parties who may be immune from such relief; here, a Boston Municipal Court Judge and an unnamed district attorney in that action. See *Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019)(judicial immunity); *Filler v. Kellett*, 859 F.3d 148, 152-53 (1st Cir. 2017)(prosecutorial immunity). In the current version of the complaint, Cross identifies no judicial or prosecutorial actions or omissions outside of routine court hearings and motion practice relating to his case.

As to the claims against Suffolk County Jail and its personnel, Cross alleges that he was, among other things, denied a double mattress for back problems, denied snacks for low glucose, made requests for documents in a different civil case in this court, provided inadequate medications, denied a request for copies of "process," and was denied law library access. Many of the allegations are conclusory and vague, and the claims and relief sought as to each defendant are not entirely clear. Cross refers in his complaint to various exhibits and "affidavits," some of which are signed, but not under the penalties of perjury. The main body of the complaint is not signed. This type of pleading is insufficient.

When amending his complaint in this action, and preparing a complaint in any civil action, Cross is reminded that the Federal Rules of Civil Procedure must be followed. Under the Rules, an amended complaint must contain "a <u>short</u> and <u>plain</u> statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) (emphasis supplied), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell*

3

*Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). That is, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). The claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Because it promotes clarity, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count." *Id.* While detailed factual allegations are not required, Cross must set forth as to <u>each</u> defendant <u>what</u> he claims they did (or failed to do), <u>where</u> it occurred, <u>when</u> it occurred, and the relief he seeks as to <u>each</u> defendant separately. But another way, the amended complaint must clearly identify the claims and relief Cross seeks as to each defendant, and provide sufficient factual bases for each of the elements of the claims that he asserts. The Court also notes the "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). While the amended complaint may include exhibits that are relevant to the claims, see Fed. R. Civ. P. 10(c), use of exhibits is not required, and does not excuse Cross of his responsibility to clearly set forth the relevant allegations in the body of the amended complaint. That is, he may not incorporate by reference affidavits or other documents in place of well pleaded allegations. Because an amended complaint completely replaces the original complaint, and is a stand-alone document, Cross should repeat in his amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint. *See Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008) ("An amended complaint, once filed, normally supersedes the antecedent complaint.. . .Thereafter, the earlier complaint is a dead letter and no

longer performs any function in the case.) (citations and quotations omitted). He may not, for example, incorporate by reference allegations from the prior complaint into the amended complaint. Cross must sign the amended complaint. Fed R. Civ. P. 11(a). The amended complaint will be further screened on its own merits pursuant to 28 U.S.C. §1915A, and if proceeding *in forma pauperis*, under 28 U.S.C. §1915(e).

3. Cross's September 29, 2019 "Affidavit", ECF No. 14, is construed as a motion to amend the complaint. The motion is <u>DENIED</u> as <u>MOOT</u> inasmuch as Cross is being ordered to amend his complaint and he is, in any event, permitted to amend his complaint "once as a matter of course." <u>See</u> Fed. R. Civ. P. 15(a).

4. Failure to comply with this Order will result in dismissal of this action.

    /s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE